UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MALTA NIEVES, Individually and on behalf of
All Others Similarly Situated,

                    Plaintiff,

v.                                      **DECISION AND ORDER**
                                            17-CV-561S

JUST ENERGY NEW YORK CORP.,

                    Defendant.

## I.    Introduction

This case challenges improper pricing practices for electrical rates Defendant imposed upon Plaintiff and the proposed class of New York customers (Docket No. 1, Compl.). Before this Court is Defendant's Motion to Stay (Docket No. 17) discovery until Defendant's pending Motion to Dismiss (Docket No. 8) is decided.

For the reasons stated herein, Defendant's motion for a stay of discovery is granted, pending resolution of its motion to dismiss (Docket No. 8).

## II.    Background

### A. Facts

This is a diversity class action in which Plaintiff (a New Yorker, suing for herself and similarly situated New York rate payers) alleges that Defendant (a Delaware corporation with its principal place of business in Toronto, Canada) engaged in deceptive practices in setting electrical rates (Docket No. 1, Compl.). Plaintiff charges that Defendant took advantage of the regulatory scheme in deregulating electrical supply by falsely promising lower energy rates but charging higher rates instead (id. ¶¶ 14-16, 20-

28).  Plaintiff alleges breach of contract (id. ¶¶ 44-49), breach of implied covenant of good faith and fair dealing (id. ¶¶ 51-56), and unjust enrichment (id. ¶¶ 58-60).

On September 11, 2017, Defendant moved to dismiss (Docket No. 8).  Response to that motion later were set for October 9, 2017 (Docket No. 10).  After the parties exchanged responding (Docket Nos. 14, 15) and reply papers (Docket No. 16), on October 16, 2017, Plaintiff served her First Request for Production and Interrogatories upon Defendant (see Docket Nos. 20, 21, Exs. 1, 2).  Plaintiff sought responses and Answers to Interrogatories within thirty days of that service (Docket No. 20, Ex. 1, Pl's First Set of Requests at 1; Docket No. 21, Ex. 2, Pl. First Set of Interrogatories at 1; see also Docket No. 27, Pl. Memo. at 1 (responses due by November 15, 2017)).

B.  Defendant's Motion to Stay Discovery (Docket No. 17)

On November 21, 2017, Defendant filed the present motion to stay discovery, pursuant to Fed. R. Civ. P. 26(c), pending resolution of its motion to dismiss (Docket No. 17).  Responses to the Motion for a Stay (following extension, see Docket No. 22) was on December 12, 2017, and replies by December 19, 2017 (Docket No. 25).  Plaintiff then submitted her timely response (Docket No. 27, Pl. Memo. of Law) and Defendant replied (Docket No. 28, Def. Reply Memo.).  The motion then was deemed submitted without oral argument.

With the Motion to Dismiss pending, the case was not yet referred to a Magistrate Judge to manage pretrial proceedings (including pretrial scheduling and discovery) and there is no general scheduling Order or a schedule for a class certification motion.

### III. Discussion

A. Applicable Standards

    1. Leave to Stay Discovery

Under Rule 26(c), a party from whom discovery is sought may move for a protective Order, Fed. R. Civ. P. 26(c). Under that rule, this Court has the discretion to stay discovery where the movant establishes good cause for the stay, to protect that party "from annoyance, embarrassment, oppression, or undue burden or expense," id. R. 26(c)(1) (see Docket No. 27, Pl. Memo. at 2). The motion must include a certification (included here, Docket No. 18, Def. Atty. Decl. ¶ 2) that the movant has "in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action," id.

This Court has the discretion in granting a stay of discovery and does so by evaluating a number of factors, including "the strength of the moving party's showing of an unmeritorious claim; the likely breadth and burden of discovery; and the risk of prejudice to the party opposing the stay," New York v. Grand River Enters. Six Nations. Ltd., No. 14CV910, 2015 WL 686819, at *2 (W.D.N.Y. Feb. 18, 2015) (Foschio, Mag. J.); see also Justice v. King, No. 08CV6417, 2011 WL 1432130, at *5 (W.D.N.Y. Mar. 24) (Payson, Mag. J.), adopted, 2011 WL 1431387 (W.D.N.Y. Apr. 14, 2011) (Siragusa, J.), aff'd, 628 F. App'x 58 (2d Cir. 2016) (Docket No. 19, Def. Memo. at 2); Guiffre v. Maxwell, No. 15CV7433, 2016 WL 2549832, at *1 (S.D.N.Y. Jan. 20, 2016) (Docket No. 27, Pl. Memo. at 2). Defendant bears the burden of establishing good cause for a stay, Morien v. Munich Reins. Am., Inc., 270 F.R.D. 65, 66 (D. Conn. 2010) (Docket No. 27, Pl. Memo. at 2).

2. Time to Commence Discovery

Rule 26(d)(1) generally provides for the timing of formal discovery. "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in proceeding exempted from initial disclosure under Rule 26(a)(1)(B) [not applicable here], or when authorized by these rules, by stipulation, or by court order," Fed. R. Civ. P. 26(d)(1); see also 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2046.1, at 286 (2010). A Rule 26(f) conference is scheduled "at least 21 days before a scheduling conference," Fed. R. Civ. P. 26(f)(1). Commentators have noted that "despite the discovery moratorium of Rule 26(d), a party may file a motion to dismiss or for summary judgment before discovery," 8A Federal Practice and Procedure, supra, § 2046.1, at 292 & n.14 (2010); see Thrower v. Barney, 849 F. Supp. 1445, 1446 (N.D. Ala. 1994).

Rule 26(d) was amended to permit early Rule 34 production of documents, Fed. R. Civ. P. 26(d)(2), with that early notice considered served at the first Rule 26(f) conference, id., R. 26(d)(2)(B). The Rule 34 notice may be "delivered" more than 21 days after service of the Complaint, Fed. R. Civ. P. 26(d)(2)(A). This delivery, however, is not service and does not trigger the time to file a Rule 34 response, 8A Federal Practice and Procedure, supra, § 2046.1, at 62 (Supp. 2020), "service" during the Rule 26(f) conference does. The purpose for this early request is "to facilitate focused discussion during the Rule 26(f) conference," id. at 61.

This Court may "make whatever order about sequence and timing of discovery the necessities of a case required," 8A Federal Practice and Procedure, supra, § 2047, at 302, including permitting expedited early discovery upon the requesting party showing

4

good cause, see Fed. R. Civ. P. 26(d)(1); 8A Federal Practice and Procedure, supra, § 2046.1, at 288, 290-91.

### B. Motion to Stay Discovery Pending Motion to Dismiss

#### 1. Parties' Contentions

Defendant argues that it met the requirements for a stay pending decision on its motion to dismiss. First, Defendant contends that its motion to dismiss strongly supports being granted because each cause of action fails to state a claim. (Docket No. 19, Def. Memo. at 3-5.) Defendant next complains that the breadth of discovery sought by Plaintiff is unduly burdensome (id. at 5-7). To avoid apparent duplication, Defendant points out a parallel class action in the Eastern District of New York, Donin v. Just Energy Group, No. 17CV5787, where similar discovery may be produced. Defendant also argues that the two alleged plaintiff classes in these cases may overlap. (Id. at 2.) Finally, Defendant denies that Plaintiff would suffer any prejudice if discovery is stayed; if the motion to dismiss is granted, the discovery would be unnecessary (id. at 7).

Plaintiff responds that other courts have denied similar motions to dismiss in numerous cases (Docket No. 27, Pl. Memo. at 5-6, 1-2). Therefore, Defendant's motion to dismiss is not strong enough to justify staying discovery (id. at 2, 4-6). Plaintiff denies that Defendant furnished any proof that the discovery sought was overly broad or burdensome (id. at 2, 6-8). She also claims that Defendant failed to meet and confer on the scope of Plaintiff's requests (id. at 6 n.4), although she conceded that her counsel declined Defendant's request to delay discovery pending resolution of the motion to dismiss, offering instead an extension of time to respond to the discovery requests (id. at 1 n.1; cf. Docket No. 18, Def. Atty. Decl. ¶ 3). Plaintiff argues that this motion was untimely

relative to the deadline for responding to her discovery demands, filed six days after responses or objections were due (Docket No. 27, Pl Memo. at 1). Plaintiff declares that she would be prejudiced by the delay in discovery because Defendant could continue to victimize customers and Plaintiff's claims would remain unredressed (id. at 8). Defendant replies to this point that Plaintiff misapprehends the prejudice in staying discovery, arguing instead rhetoric regarding the merits of her underlying claim (Docket No. 28, Def. Reply Memo. at 4).

Neither party has updated the status of Donin as to whether discovery was sought and produced there. No effort, to date, has been made to consolidate the classes alleged here and in Donin or to consolidate these cases.

### 2. Timing of Discovery and Defense Motion to Dismiss

The parties here argue the propriety of staying discovery during the pendency of the motion to dismiss. They fail to address, however, whether that discovery is premature and should not have commenced in the first place. Rule 26(d)(1) provides for the timing of discovery and generally it does not begin until after the parties have met in a Rule 26(f) conference, entered a stipulation to conduct early discovery, or obtained an Order to begin discovery prior to a conference or scheduling Order, Fed. R. Civ. P. 26(d)(1). Rule 34 document production as requested here (see Docket No. 20, Ex. 1) can be delivered prior to a Rule 26(f) conference but the "delivered" Rule 34 requests are not formally served (and start the time for responses) until the Rule 26(f) conference is held. Defendant's time to respond to those early Rule 34 requests is dependent upon the parties holding the Rule 26(f) conference.

The record here does not indicate that the parties held a Rule 26(f) conference or that they entered into a stipulation where they agreed to conduct discovery prior to entry of a scheduling Order. While early Rule 34 requests may be delivered under Rule 26(d)(2), Rule 33 does not specify a different starting period for Interrogatories (see Docket No. 21, Ex. 2) from the rest of discovery, that is commencement after the parties' Rule 26(f) conference, Fed. R. Civ. P. 26(d)(1).

There is no Order from this Court authorizing this discovery; there also is no scheduling Order yet in place. Plaintiff also did not seek leave to lift the pre-conference moratorium on discovery.

Absent any of these conditions, the discovery sought here should not have commenced.

Both sides cite various cases seeking stays of discovery during the pendency of the motion to dismiss. These cases, however, do not discuss the timing for commencement of that discovery relative to Rule 26(d). In Justice v. King, supra, 2011 WL 1432130, at *5 (see Docket No. 19, Def. Memo. at 2-3; Docket No. 27, Pl. Memo. at 4), Magistrate Judge Payson granted a stay pending one defendant's motion to dismiss after other defendants have answered in that case and responded to some of that pro se plaintiff's discovery requests, id. at *1. Thus, discovery had commenced after defendants answered although Rule 26(d)(1)'s timing also did not apply because this action was brought "without an attorney by a person in the custody of the United States, a state, or a state subdivision," Fed. R. Civ. P. 26(d)(1), (a)(1)(B)(iv); see Justice, supra, 2011 WL 1432130, at *1, noting that the plaintiff was under parole supervision; see also Ward v. LeClaire, No. 9:07-CV-0026 (LEK) (RTF), 2008 WL 1787753, at *2-3 (N.D.N.Y.

7

Apr. 17, 2008) (Treece, Mag. J.) (under Rule 26(a)(1)(B)(iv) courts look to plaintiff's custody status as of when case was filed, even if plaintiff is subsequently released from custody).

In New York v. Grand River Enterprises Six Nations, Ltd., supra, 2015 WL 686819 (W.D.N.Y. Feb. 18, 2015) (see Docket No. 19, Def. Memo. at 3), and according to the docket, the case originated in the Eastern District of New York. There, the court scheduled an initial conference (No. 14CV910, Docket No. 5) but canceled it and reset for a later date while the parties moved either to dismiss or to amend the Complaint (No. 14CV910, Text Order of June 25, 2013). Defendants then moved to dismiss or to transfer the case to this District (No. 14CV910, Docket Nos. 44, 46). The Eastern District denied motion to dismiss but granted the motion to transfer (No. 14CV910, Docket No. 65, Minute Text Order). After that transfer and following an amendment to the Complaint (No. 14CV910, Docket No. 76), New York State moved requesting a conference to discuss the initiation of discovery and entry of a case management Order (No. 14CV910, Docket No. 77) while one defendant moved to dismiss and to stay discovery pending disposition of the motion to dismiss (No. 14CV910, Docket Nos. 79-81), Grand River, supra, 2015 WL 686819, at *1, 3. Magistrate Judge Foschio granted the defense motion to stay discovery, noting that discovery on the remaining claims was likely to proceed regardless of the result of the motion to dismiss, id. at *3. The plaintiff State of New York had not sought discovery absent that conference leading to defendants' motion to stay discovery.

In Guiffre v. Maxwell, No. 15CV7433, 2016 WL 2549832, at *1 (S.D.N.Y. Jan. 20, 2016) (Docket No. 27, Pl. Memo. at 2), Defendant sought an extension of time to answer

or move against plaintiff's defamation complaint, with that request granted on October 12, 2015.  On October 30, 2015, the court then ordered the parties to complete fact discovery by July 1, 2016, setting a pretrial schedule.  On December 1, 2015, defendant moved to dismiss and moved to stay discovery pending decision of that motion.  Id.  Unlike the case at bar, the Southern District of New York here set a discovery deadline that defendant later moved to stay pending her motion to dismiss.

Thus, in the cited cases, either discovery had begun or was scheduled when defendants moved to dismiss and to stay that discovery.

Here, Defendant moved to dismiss, then Plaintiff served document demands and Interrogatories without a stipulation, Rule 26(f) conference, or an Order authorizing expedited discovery.  Absent stipulation or Order allowing the purported discovery, that discovery is premature.  This is distinct from whether discovery is appropriate while a motion to dismiss is pending.  Therefore, Defendant's motion (Docket No. 17) for a stay of discovery pending resolution of its motion to dismiss is granted but for reasons other than those argued by Defendant.  The motion is granted because Plaintiff's discovery is premature under Rule 26(d), see Batiste v. Bonin, No. 06-1352, 2007 WL 1772010, at *1 (W.D. La. June 15, 2007) (Methvin, Mag. J.) (denying motion to compel for premature discovery when there was no Rule 26(f) conference); Cavero v. Law Office of Eskine & Fleisher, No. 12-21196-CIV-ZLOCH/ROSENBAUM, 2012 WL 12886632, at *2 (S.D. Fla. May 25, 2012) (deny motion to compel where discovery was premature); see also Gerrard v. Acara Solutions Inc., No. 18CV1041, 2019 WL 2647758, at *14 (W.D.N.Y. June 27, 2019) (Foschio, Mag. J.) (denying as premature defendant's motion for stay of discovery pending motion to dismiss, finding that discovery could not commence prior to Rule 26(f)

conference), Report & Recommendation rejected on other grounds, 2020 WL 3525949 (W.D.N.Y. June 30, 2020) (Sinatra, J.) (granting motion to dismiss), hence warranting a stay. Discovery therefore is stayed until Defendant's motion to dismiss is ruled upon.

Furthermore, as noted by another court, "it would be wasteful for the parties to engage in extensive discovery prior to a ruling" on a motion to dismiss, Cima v. Wellpoint Health Networks, Inc., No. 4:05-CV-4127-JPG, 2006 WL 1064054, at *4 (S.D. Ill. Apr. 20, 2006) (Wilkerson, Mag. J.). This Court is not weighing the factors for a Rule 26(c) stay of discovery due to the pending motion; rather, the premature discovery will not be responded to until after that motion is decided. Upon ruling on the motion to dismiss, the scheduling of subsequent proceedings (if necessary) will be established. Ultimately, if the motion to dismiss is granted, then discovery would not occur. If that motion to dismiss is denied, however, this Court would refer the case to the Magistrate Judge to issue a scheduling Order (after the parties conduct a Rule 26(f) conference, see Fed. R. Civ. P. 26(f)(1); W.D.N.Y. Loc. Civ. R. 16(b)(2); see Fed. R. Civ. P. 16(b)), with that Order including deadlines for conducting discovery (either class certification, see W.D.N.Y. Loc. Civ. R. 23(c), or the case in general).

## IV. Conclusion

Defendant's Motion for a stay of discovery (Docket No. 17) until this Court resolves the submitted Motion to Dismiss (Docket No. 8) is granted. If the Motion to Dismiss is denied, this Court intends to address scheduling discovery.

## V.     Orders

IT HEREBY IS ORDERED, that Defendant's Motion for a Stay (Docket No. 17) is GRANTED.  Discovery is hereby stayed in this action until this Court resolves Defendant's Motion to Dismiss (Docket No. 8).

SO ORDERED.


Dated:     November 13, 2020
           Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge